IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JAN 30 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

MARK ANTHONY ORTEGA, §
§
Plaintiff, §
§
vs. § Case No.
§
GOTHAM CAPITAL LLC, and JOSEPH § SA26CA0752  OG
PAUL GUALTIERI, §
§
Defendants. §

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Mark Ortega ("Plaintiff" or "Ortega") brings this Complaint and Demand for Jury Trial against Defendants Gotham Capital LLC ("Gotham") and Joseph Paul Gualtieri ("Gualtieri") (collectively "Defendants") to stop them from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls without consent to Plaintiff who registered his phone number on the National Do Not Call registry ("DNC"). The Plaintiff also alleges that Defendants violated the Texas Telephone Solicitation Act ("TTSA") by making telemarketing calls to consumers in Texas.

Plaintiff also seeks injunctive and monetary relief for injuries related to Defendants' conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

### PARTIES

1. Plaintiff is an individual residing in this District.

2. Defendant Gotham Capital LLC is a New York corporation with a principal address of 40 Wall Street, New York, NY 10005.

1

3. Defendant Joseph Paul Gualtieri is an individual who, upon information and belief, resides in the State of New York at 185 S Railroad St, Staten Island, NY 10312.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendants because the calls to the Plaintiff were received in this District. The Court also has supplemental jurisdiction because the TTSA claims relates to the same telemarketing campaign as the TCPA.

5. This Court has personal jurisdiction over the Defendants because the calls to Plaintiff were made into and received in this District.

6. The venue is proper under 28 U.S.C § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims were directed to this District, in that the Defendants directed the calls at issue into this District.

## INTRODUCTION

7. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 § C.F.R 64.1200 (c)(2).

8. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

9. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

2

10.   Defendant Gotham Capital LLC offers financing services.

11.   Defendant Gotham Capital LLC uses telemarketing to promote its services and solicit new clients.

12.   Defendant Gualtieri is or was an employee, officer, or agent of Gotham Capital LLC and was listed on the company website as a team member as of September 10, 2024.

13.   Plaintiff is an individual who was in Texas at all times relevant.

14.   Plaintiff's telephone number is (210)-744-9663.

15.   At all times material to this action, Plaintiff uses the cell phone with area code (210) and digits beginning with digits 744 primarily for residential purposes.

16.   Plaintiff primarily utilizes this number for personal calls, text messaging with family and friends, and managing his personal affairs.

17.   Plaintiff registered his cellular telephone number with the National Do No Call Registry on or about January 23, 2012.

18.   Plaintiff registered his number to avoid receiving unwanted telemarketing and solicitation calls.

19.   Plaintiff never provided Defendants with his express consent to be initially contacted.

20.   Plaintiff has no existing business relationship with Defendants. Despite that, Defendant Gualtieri, acting as an agent for Defendant Gotham, sent multiple messages to Plaintiff.

21.   On or around May 3, 2024, Plaintiff received unsolicited telemarketing text messages on his cell phone, initiated by Defendant Gualtieri from the number (929) 506-9383.

22.   The initial messages solicited Plaintiff regarding business lending, asking "Are you working with any lenders currently?" and sending a DocuSign link clearly labeled "Joseph Gualtieri" and "Gotham Capital."

3

23. In response to these solicitations, at 12:57 PM on May 3, 2024, Plaintiff explicitly responded: "Not interested do not contact me."

24. Despite this clear and unambiguous revocation of consent and demand to cease communications, Defendants did not stop.

25. On May 6, 2024 at 9:28 AM, three days after the Do Not Call request, Defendant Gualtieri sent a text message stating "Good morning."

26. Later that same day, May 6, 2024 at 1:27 PM, Defendant Gualtieri sent a distinct emoji of a sad face.

27. Upon information and belief, Defendants have the capability of immediately complying with Plaintiff's do-not-call request.

28. Defendants continued their harassment the following day. On May 7, 2024 at 10:39 AM, Defendant Gualtieri texted: "did you get my email ? joseph@gothamcapitalfunding.com".

29. Defendant Gualtieri continued to barrage Plaintiff with messages on May 7, 2024, sending "Hey Mark" at 3:11 PM, "Free for a call ?" shortly thereafter, and "MARK" in all capital letters at 4:14 PM.

30. Even after receiving no response to ten unauthorized messages sent after the Do Not Call request, Defendant Gualtieri sent another message on May 9, 2024 at 8:16 AM stating: "Good morning, did you get my email ? joseph@gothamcapitalfunding.com".

31. In total, Defendants sent at least eleven (11) separate messages after Plaintiff explicitly instructed them to stop contacting him.

32. The unauthorized telephonic communications that Plaintiff received from Defendants, as alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and occupied and otherwise disturbed the use and enjoyment of his phone.

## COUNT I
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. 227(c))

33. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 32 of this Complaint and incorporates them by reference herein.

34. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing calls to the Plaintiff despite their numbers being on the National Do Not Call Registry.

35. Defendants' violations were negligent, willful, or knowing. Defendant Gualtieri is directly liable as he personally sent the text messages to Plaintiff after being notified Plaintiff was on the Do Not Call list and after Plaintiff explicitly texted "Not interested do not contact me." Defendant Gotham is directly and vicariously liable for the actions of its agent, Defendant Gualtieri.

36. As a result of Defendants' violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of between $500 and $1,500 in damages for each and every call made.

37. Plaintiff is also entitled to seek injunctive relief prohibiting Defendants' from making telemarketing calls to numbers to Plaintiff in the future.

## COUNT II
### Telephone Consumer Protection Act
### (Violation of 47 C.F.R § 64.1200)

38. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 32 of this Complaint and incorporates them by reference herein.

39. Under 47 C.F.R § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on

5

behalf of that person or entity. The procedures instituted must meet the following minimum standards:

    (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

    (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

    (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call or telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

    (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

    (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

    (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

40. On May 3, 2024, Plaintiff made an explicit and unambiguous do-not-call request directly to Defendant Gualtieri, who was acting as an agent for Defendant Gotham. Despite receiving this direct request, Defendant Gualtieri, on behalf of Defendant Gotham, placed at least eleven more calls (in the form of text messages) to Plaintiff's telephone number. This demonstrates that Defendants either failed to maintain an internal do-not-call list, failed to have a policy for honoring requests made to that list, or willfully disregarded such a policy, in direct violation of the regulations.

41. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C § 227(c)(5).

42. Defendants have therefore violated 47 U.S.C § 227(c)(5). Defendant Gualtieri is directly and personally liable because he personally received the do-not-call request and then personally sent the subsequent violating text messages. Defendant Gotham is directly and vicariously liable because it failed to implement and follow the required procedures, and because it is liable for the actions of its agent.

43. As a direct and proximate result of Defendants' knowing and/or willful violations, Plaintiff is entitled to statutory damages of up to $1,500 for each and every call made in violation of the regulations.

## COUNT III
### Violation of Texas Telephone Solicitation Act
### Tex. Bus. & Com. Code Ann. § 305

7

44. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 32 of this Complaint and incorporates them by reference herein.

45. It is a violation of the TTSA to "make a telephone call or use an automatic dial announcing device to make a telephone call for the purpose of making a sale if: (1) the person making the call or using the device knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call; and (2) the called person has not consented to the making of such a call to the person calling or using the device or to the business enterprise for which the person is calling or using the device." *See* Tex. Bus. & Com. Code Ann. § 305.001.

46. The TTSA states that "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication". *See* Tex. Bus. & Com. Code Ann. § 305.053.

47. Defendants violated the TTSA by originating telephonic communications to Plaintiff, a person located in Texas, in violation of the TCPA and its implementing regulations as detailed in Counts I and II of this Complaint. Specifically, Defendants contacted Plaintiff's number despite it being on the National Do Not Call Registry and continued to contact him after he made a specific do-not-call request.

48. Defendant Gualtieri is directly liable under the TTSA as the person who personally originated the unlawful communications. Defendant Gotham is directly and vicariously liable as the entity on whose behalf the communications were made and for the actions of its agent.

49. As a result of Defendants' conduct as alleged herein, and pursuant to § 305.053(b) of the TTSA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each violation. Plaintiff is also entitled to an injunction against future calls. *See id.*

50. To the extent Defendants' misconduct is determined to be willful and knowing the Court should, pursuant to section 305.053(c) treble the amount of statutory damages recoverable by Plaintiff.

## COUNT IV
### Violation of Texas Regulation of Telephone Solicitation
### Tex. Bus. & Com. Code Ann. § 302

51. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 32 of this Complaint and incorporates them by reference herein.

52. Section 302.101(a) of Texas Business and Commerce Code requires sellers that make a telephone solicitation from a location in Texas or to a purchaser located in Texas to hold "a registration certificate for the business location from which the telephone solicitation is made." Moreover, the Code requires a "separate registration certificate for each business location from which a telephone solicitation is made." *See id* (b).

53. Upon information and belief, Defendant Gotham is a "seller" as defined by the statute. In violation of the Code, Defendant Gotham, acting through its agent Defendant Gualtieri, made telephonic solicitations to Plaintiff, a person located in Texas, without holding the required registration certificate from the Texas Secretary of State at the time the calls were made.

54. As a result of Defendants' conduct as alleged herein, and pursuant to § 302.302(a) of Tex. Bus. & Com. Code, Plaintiff was harmed and is entitled to a maximum of $5,000.00 in damages for each violation.

9

55. Under § 302.302(d), Plaintiff is entitled to "recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Mark Ortega, prays for judgment against Defendants, jointly and severally where applicable, as follows:

a) For an award of statutory damages against Defendants, jointly and severally, pursuant to the TCPA, 47 U.S.C. § 227(c), in the amount of $500 for each and every call made in violation of the National Do Not Call Registry and the internal do-not-call regulations, to be trebled to $1,500 for each and every willful or knowing violation;

b) For an award of statutory damages against Defendants, jointly and severally, pursuant to the TTSA, Tex. Bus. & Com. Code § 305.053, in the amount of at least $500 for each and every violation, to be trebled for each and every willful or knowing violation;

c) For an award of statutory damages against Defendants, jointly and severally, pursuant to Tex. Bus. & Com. Code § 302.302(a), in an amount up to $5,000 for their violations of the Texas registration requirements;

d) An order enjoining Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to Plaintiff, absent an emergency circumstance;

e) An award to Plaintiff of all reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred pursuant to Tex. Bus. & Com. Code §302.302(d);

    f) An award to Plaintiff of damages, as allowed by law;

    g) An award of pre-judgment and post-judgment interest, as allowed by law; and

    h) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

DATED this 27th day of January 2026.      Respectfully Submitted,

*/s/ Mark Anthony Ortega*

Mark Anthony Ortega
PO Box 702099,
San Antonio, TX 78231
mortega@utexas.edu
(210) 744-9663